UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FERNANDO N. DELA CRUZ,
Plaintiff,

v.

MEGAN BRENNAN,
Defendant.

Case No. 19-cv-01140-DMR

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Re: Dkt. No. 11

Pro se Plaintiff Fernando N. dela Cruz, Jr. filed a motion to appoint pro bono counsel. [Docket No. 11.] In his motion, Plaintiff states that he "will be more confident to strongly prove his claim" if the court grants the motion and appoints counsel. *Id*.

As Plaintiff is not an indigent litigant who may lose his physical liberty if he loses this lawsuit, he does not have a right to the appointment of counsel. *See Lassiter v. Dept of Soc. Servs*, 452 U.S. 18, 25 (1981). However, the district court may appoint counsel for litigants proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(e)(1). Under this statute, the court cannot require counsel to represent such litigants, but may request such representation on a pro bono basis. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 303-06 (1989). The court will consider a request for appointment of counsel only if the plaintiff establishes that he or she cannot afford an attorney. Additionally, the court may appoint counsel under section 1915(e) only under "exceptional circumstances." *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)), *withdrawn in part on rehearing en banc on other grounds by* 154 F.3d 952 (9th Cir. 1998). To determine whether there are exceptional circumstances, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt*

*v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive and the court must consider them together before reaching a decision on request for counsel under section 1915(e). *See id.* at 1331; *Rios v. Johnson*, No. 18-cv-06655-EMC, 2018 WL 6182754, at *3 (N.D. Cal. Nov. 27, 2018).

Here, the court already granted Plaintiff leave to proceed in forma pauperis. [Docket No. 4.] He has therefore established that he cannot afford an attorney. However, appointment of counsel is only appropriate if the court finds exceptional circumstances based on Plaintiff's likelihood of success on the merits and his ability to articulate his claims given the complexity of the legal issues involved. Plaintiff offers no evidence that the circumstances in this case are exceptional. At this point in the litigation, the court cannot evaluate the strength of Plaintiff's claims, as there has been no litigation of the merits of the claims. Further, Plaintiff's complaint is coherent and does not appear to present complex legal issues. Accordingly, the court concludes that Plaintiff has not made the required showing of "exceptional circumstances." The motion to appoint counsel is therefore denied without prejudice to Plaintiff renewing his request at a later point in the litigation.

**IT IS SO ORDERED.**

Dated: July 15, 2019

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Donna M. Ryu
NORTHERN DISTRICT OF CALIFORNIA

Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California