UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO N. DELA CRUZ,<br><br>      Plaintiff,<br><br>   v.<br><br>MEGAN BRENNAN, et al.,<br><br>      Defendants. | Case No. 19-cv-01140-DMR<br><br>**PRETRIAL ORDER** |

Following the pretrial conference held on August 10, 2022, the court sets forth its pretrial rulings below to summarize its rulings from the bench.

## I.   CONDUCT OF TRIAL

**Trial Schedule:** Trial will begin on August 22, 2022 at 8:30 a.m. Counsel must arrive by 8:15 a.m. There will be two 15-minute breaks and one 30-minute lunch. The first day of trial will focus on whether Plaintiff provided Defendant with notice that his August 10-14, 2016 leave was potentially an FMLA-qualifying leave sufficient to trigger Defendant's obligations under the FMLA.

The trial schedule for August 23 will be 9:30 a.m. until 2:30 p.m., with two 15-minute breaks and one 30-minute lunch. The trial schedule for August 24 and 25, 2022 will be 9:30 a.m. until 1:00 p.m., with two 15-minute breaks. Counsel must arrive on those days by 9:15 a.m.

Trial time is limited to 12 hours (6.5 hours for Plaintiff and 5.5 hours for Defendant). In addition to these limits, each side has 15 minutes for an opening statement. In lieu of closing arguments, the parties will submit proposed findings of fact and conclusions of law with citations to the trial transcript on a schedule to be determined by the court.

**Objections:** Please stand to make an objection. Do not make speaking objections or offer

argument. State the rule or basis for the objection (e.g., "403," or "hearsay"). Do not offer a rebuttal unless requested. If requested, rebuttal must be brief (e.g., "not offered for the truth.").

**Witnesses:** No witness may testify unless they have been identified in the pretrial submissions, except for true rebuttal or impeachment witnesses upon a showing of good cause. No witness may be in the courtroom while not testifying except for Plaintiff and USPS representative Phil Ingram.

**COVID-19 protocols**: Every case participant must complete a pre-screening questionnaire and report any "yes" answer to the CRD at dmrcrd@cand.uscourts.gov by 8:00 a.m. each morning by email. All courtroom occupants shall maintain social distancing at all times and wear masks at all times. Witnesses shall wear clear masks which will be provided by the court. Attorneys must wear masks while presenting evidence and argument. Attorneys shall question witnesses from counsel table.

**Exhibits:** No exhibit may be used unless it has been identified in the pretrial submissions except for true impeachment exhibits upon a showing of good cause.

**Deposition Transcripts:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) at the beginning of the trial for use by the court and shall have extra copies available for use by the party and the witness. All other parties are expected to have their own copies available.

**Settlement:** The parties must promptly notify the court of a settlement by sending an email to **DMRsettlement@cand.uscourts.gov**.

**Compliance with Orders of the Court, including Orders on Motions in Limine:** Counsel are personally responsible for making sure that the court's orders, including rulings on motions in limine, are clearly communicated to clients and witnesses so that the presentation of evidence complies with those rulings in every respect.

## II.     PLAINTIFF'S MOTIONS IN LIMINE

### A.     Motion in Limine No. 1

Plaintiff moves to preclude Defendant from offering testimony by Michael White. The

1  motion is granted as unopposed.  Defendant may offer White's testimony for impeachment
2  purposes only.

### B. Motion in Limine No. 2

Plaintiff moves to preclude Defendant from arguing that Plaintiff failed to mitigate his damages on the basis that Defendant waived the affirmative defenses of mitigation and offset by not including them in his answer.  Defendant moves pursuant to Federal Rule of Civil Procedure 15(a) to amend his answer to assert these defenses.  The motion in limine is denied.  Defendant is granted leave to amend his answer as there is no record of undue delay, bad faith or dilatory motive, futility, or failure to cure deficiencies.  Most importantly, there is no prejudice to Plaintiff in allowing the amendment, as Plaintiff has been on notice of these defenses through discovery and has not otherwise shown that he would be prejudiced by the amendment.

Plaintiff's request to amend the TAC to include hyperlipedemia as a chronic serious health condition is denied as moot because the TAC already adequately alleges that theory.

### III. DEFENDANT'S MOTIONS IN LIMINE

#### A. Motion in Limine Nos. 1, 7, and 9

**No. 1:** Defendant moves to preclude Plaintiff from offering any evidence regarding his alleged emotional distress as a result of being terminated by the USPS.  The motion is granted in part as follows: Plaintiff may not offer evidence of emotional distress as evidence of damages, as emotional distress damages are not available under the FMLA.  Such evidence is also not relevant to the issue of whether he had a serious health condition at the time of his August 2016 leave. However, evidence of Plaintiff's post-termination emotional distress is relevant to mitigation and the reasons why he did not sign the Last Chance Agreement.  Plaintiff may offer brief testimony about the reasons for his emotional distress, but the court limits such testimony under Federal Rule of Evidence 403 because he no longer has claims for harassment or discrimination.

**No. 7:** Defendant moves to preclude Plaintiff from offering evidence in support of his dismissed claims and allegations.  The motion is granted in part.  Plaintiff may offer brief testimony about why he did not sign the Last Chance Agreement but may not testify at length about alleged harassment and discrimination.  No other witnesses may testify on this subject.

3

**No. 9:** Defendant moves to exclude evidence related to theories that Plaintiff suffered "psychological effects" from an alleged hostile work environment and cannot mitigate his damages because he suffers from continuing psychological damage as a result of working for the USPS. The motion is granted in part and denied in part. Plaintiff may offer evidence related to his mental health at the time of the August 2016 leave for the purpose of demonstrating that he had a serious health condition at that time. Plaintiff may also testify briefly about his mental health for the purpose of explaining why he did not sign the Last Chance Agreement and his efforts to mitigate. However, Plaintiff may offer only his own lay testimony on this issue; he may not testify about diagnoses he received or what medical providers told him about his mental health.

Dr. Frank Shic may testify about Plaintiff's medical conditions, mental health, and treatment related to the August 2016 leave only; therefore, his testimony must be connected to Plaintiff's insomnia and/or hyperlipidemia at the time of the August 2016 leave.

Dr. Shic, Bailey Bangerter, and Maria Estela Alejandra may not testify on the subject of Plaintiff's mental health because Plaintiff's Rule 26(a)(C) disclosures were incomplete and did not put Defendant on notice that Plaintiff might present their testimony on that subject.

Drs. Jennifer Manickam, April Justine Young, Frank Tyler, and Harry Michael Brown may not testify at trial because Plaintiff did not identify them in his Rule 26(a)(2)(C) or 26(a)(1) disclosures. Defendant first learned of them after the close of discovery and Plaintiff's failure to timely disclose them was not substantially justified. *See* Fed. R. Civ. P. 37(c)(1).

**B.     Motion in Limine No. 2**

Defendant moves to preclude Plaintiff from offering evidence on discipline allegedly administered by post offices other than the Petaluma Post Office where he worked. The motion is granted in part. Evidence of discipline administered at other post offices is only tangentially relevant. Plaintiff may attempt to lay foundation for the admission of Exhibit 24 as a business record, but other evidence of discipline administered at other post offices is excluded under Rule 403.

4

#### C. Motion in Limine No. 3

Defendant moves to preclude Plaintiff from offering evidence regarding the scanning of any objects other than relay or collection mailboxes. The motion is granted in part. The court will allow brief testimony on this subject by Plaintiff and witnesses Recto Devera and Danilo Dolido.

#### D. Motion in Limine No. 4

Defendant moves to preclude Plaintiff from offering evidence about his character while employed by the USPS. The motion is granted in part and denied in part. Plaintiff is precluded from introducing third-party evidence of his character, work performance, or employment history. *See* Fed. R. Evid. 404(a)(1). However, if Defendant introduces evidence or elicits testimony to establish Plaintiff's character as dishonest or untrustworthy or to attack his credibility, Plaintiff may introduce rehabilitation evidence solely about his character for truthfulness. *See* Fed. R. Evid. 608. Plaintiff may do so "only after his character for truthfulness has been attacked." *Id.*

#### E. Motion in Limine No. 5

Defendant moves to preclude evidence about the FMLA leave of USPS employee Antonio Jamero. The motion is granted. As it is not clear that Jamero is a proper comparator without conducting a mini-trial on the specifics of his medical condition and leave, the testimony is not relevant to Plaintiff's claim.

#### F. Motion in Limine No. 6

Defendant moves to preclude evidence on the value of Plaintiff's lost past or future benefits with the USPS. The motion is denied. Defendant has failed to establish that calculation of Plaintiff's lost future benefits requires expert testimony. Defendant may cross-examine Plaintiff about his calculations and assumptions about damages. Defendant's related objection to Plaintiff's Exhibit 32 is also overruled.

#### G. Motion in Limine No. 8

Defendant moves to exclude testimony by Jerry Andersen about what Susan Moore considered before she recommended Plaintiff's termination. The motion is granted in part and denied in part. Andersen cannot testify about what Moore considered to the extent that such

5

testimony is speculative and not based on personal knowledge. However, he may testify about statements made by Moore that constitute party admissions.

## IV. OBJECTIONS TO WITNESSES

### A. Plaintiff's Objections

**Michael White:** Sustained. As noted above in connection with Plaintiff's motion in limine no. 1, Defendant may offer White's testimony for impeachment purposes only.

**James Corbitt, Balraj Ghoman, Susan Moore, Noemi Luna:** The parties shall meet and confer regarding Plaintiff's objections to Defendant's witnesses based on alleged incomplete initial disclosures. If disputes remain after meeting and conferring, the parties shall file a joint letter that does not exceed four pages, exclusive of exhibits, by August 17, 2022.

### B. Defendant's Objections

**Jennifer Manickam, April Justine Young, Frank Tyler, Harry Michael Brown:** Sustained for the reasons discussed in connection with Defendant's motion in limine no. 9.

**Larry Lovejoy and Giovanni Galvez:** Denied as moot; Plaintiff withdrew these witnesses.

**Antonio Jamero:** Denied as moot; the court granted Defendant's motion in limine no. 5 to preclude evidence regarding Jamero's FMLA leave(s) and Jamero was not designated to offer testimony on any other subject.

## V. EXHIBITS

### A. Plaintiff's Objections

**Exhibit AA, grievance form:** objections overruled; the exhibit is relevant to the circumstances surrounding Plaintiff's termination, mitigation, and offset.

**Exhibit FF, Last Chance Agreement:** objections overruled; the exhibit is relevant to mitigation and offset.

**Exhibit HH, letter from Plaintiff about Last Chance Agreement:** objections overruled; the exhibit is relevant to mitigation and offset.

### B. Defendant's Objections

**Exhibit 3, Plaintiff's medical records:** the parties shall meet and confer regarding Exhibit

6

3 in light of the court's rulings on the motions in limine and Defendant's objections to Plaintiff's witnesses.

**Exhibit 10, petition:** objections sustained; this is improper character evidence.

**Exhibit 24, CPMS Log Sheet:** Plaintiff may attempt to lay foundation for the introduction of this exhibit as a business record.

The court will address the remaining objections to exhibits, deposition excerpts and discovery responses during trial.

**IT IS SO ORDERED.**

Dated: August 12, 2022



Donna M. Ryu
Judge Donna M. Ryu
United States Magistrate Judge