UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO N. DELA CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOUIS DEJOY,<br><br>　　　　Defendant. | Case No. 19-cv-01140-DMR<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 170 |

Following a two-day bench trial, the court found in favor of Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), on Plaintiff Fernando N. dela Cruz's claim for Family Medical Leave Act ("FMLA") interference. After announcing its findings of fact and conclusions of law on the record, the court entered judgment for Defendant. [*See* Docket Nos. 163, 164.]

Dela Cruz, now representing himself, now moves for reconsideration of the judgment.[1] [Docket No. 170.] This motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.   BACKGROUND**

Dela Cruz filed a complaint against Defendant on February 28, 2019 asserting various claims related to his previous employment with the USPS. Following three rounds of motions to dismiss, the sole remaining claim was a claim for FMLA interference based on the allegation that

---

[1] Dela Cruz, representing himself, filed a complaint against Defendant in February 2019. An attorney subsequently entered an appearance on behalf of dela Cruz and represented him at trial. Dela Cruz filed the instant motion on his own behalf even though he remained represented by counsel and counsel had not moved to withdraw from her representation. Accordingly, the court ordered counsel to file a status report regarding her representation of dela Cruz in this case and noted that it would not take action on the reconsideration motion until the status of the representation was clarified. [Docket No. 173.] Counsel subsequently filed an unopposed motion to withdraw, which the court granted. [Docket No. 178.]

1   dela Cruz was terminated from his position as a mail carrier in January 2017 in retaliation for
2   taking leave in August 2016.  *See Dela Cruz v. Brennan*, No. 19-CV-01140-DMR, 2021 WL
3   23295, at *6-7 (N.D. Cal. Jan. 4, 2021) (granting in part Defendant's motion to dismiss the third
4   amended complaint).  On July 11, 2022, the court denied Defendant's motion for summary
5   judgment on the FMLA interference claim due to the existence of material disputes of fact.  *Dela*
6   *Cruz v. DeJoy*, No. 19-CV-01140-DMR, 2022 WL 2668378, at *1 (N.D. Cal. July 11, 2022).

7   The case proceeded to a bench trial on the FMLA interference claim.  In pretrial
8   proceedings, the parties agreed to focus the first part of the trial on the issue of whether dela Cruz
9   provided Defendant with notice that his August 10-14, 2016 leave was potentially FMLA-
10  qualifying leave such that Defendant had a duty to make inquiries to determine whether the leave
11  qualified for protection under FMLA.  [*See* Docket No. 150 (Minute Order).]  The parties agreed
12  that this threshold issue was case determinative and that if dela Cruz could not meet his burden to
13  show that he gave notice of his intention to take FMLA-covered leave, he could not prevail on his
14  claim.  The court heard testimony for two days on this threshold issue.  [Docket Nos. 160, 161.]

15  On August 24, 2022, the court announced its findings of fact and conclusions of law on the
16  notice issue on the record pursuant to Federal Rules of Civil Procedure 52(a)(1) and 52(c).  [*See*
17  Docket No. 166 (Trial Tr. Vol. III, Aug. 24, 2022).]  In relevant part, the court found that dela
18  Cruz's sister passed away on August 9, 2016.  On August 10, 2016, dela Cruz called the Petaluma
19  Post Office and explained to a clerk that he was sick and would not be coming to work that day.
20  Dela Cruz asked the clerk to convey his message to a supervisor but did not provide the clerk with
21  any information about the nature of his illness.  *Id*. at 331.  Dela Cruz had a doctor's appointment
22  on August 11, 2016, at which his doctor prescribed medication and told him to rest.  The doctor
23  gave dela Cruz a "Work Status Report" which stated that dela Cruz was "placed off work from
24  August 10, 2016 through August 14, 2016."  The Work Status Report did not contain any
25  information about the nature of dela Cruz's medical problem, his symptoms, or his treatment plan.
26  *Id*. at 331-32.

27  Dela Cruz filled out two separate forms to request leave from work ("3971 forms"), both
28  dated August 11, 2016.  On the first 3971 form, dela Cruz requested time off from August 10-14,

2

2016 for sick leave. The form did not provide any details about his illness or state that he had seen a doctor or had medical documentation for the sick leave. The second 3971 form requested time off on August 16-17, 2016 for bereavement leave. Dela Cruz did not give the 3971 forms or any accompanying documentation to the post office himself. *Id*. at 332. Instead, on August 11, 2016, dela Cruz gave the first 3971 form requesting sick leave and the Work Status Report to a coworker and friend, Danilo Dolido, to give to the post office. Dela Cruz gave Dolido the second 3971 form requesting bereavement leave on August 12, 2016, along with a letter from Kindred At Home Hospice documenting his sister's death (the "hospice letter"), to deliver to the post office on his behalf. *Id*. at 333.

Dolido testified that he delivered the first 3971 form and the Work Status Report to Supervisor Susan Moore or possibly another supervisor but the court found that his testimony was "not entirely reliable" for several reasons set forth in the court's decision. *Id*. at 334-36. In addition, Dolido did not testify about delivering the second 3971 form and hospice letter and there is no record evidence that the post office ever received those documents. *Id*. at 336. Moreover, Supervisor Moore and Postmaster Raj Ghoman testified that they never saw either of the 3971 forms, the Work Status Report, or the hospice letter prior to this litigation. *Id*. There is no record evidence that the Petaluma Post Office routinely lost leave requests or medical documentation or that it spoliated evidence, and no record evidence about shortcomings in the Petaluma Post Office's record retention policies. *Id*. at 337.

Ultimately, the court found that dela Cruz had not established by a preponderance of the evidence that the 3971 forms, the Work Status Report, and the hospice letter were ever received by the USPS. *Id*. Because the USPS did not receive the first 3971 form or the Work Status Report, it was not on notice of any information in the documents that would trigger USPS's duty to make inquiries about whether the August 10-14, 2016 leave was protected by FMLA. *Id*. at 338-41. Based on dela Cruz's failure to establish "this foundational issue," the court found that he could not prevail on his claim for FMLA interference. *Id*. at 341. *See Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1130 (9th Cir. 2001) ("[e]mployees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply . . . the employer is

3

1  responsible, having been notified of the reason for an employee's absence, for being aware that the
2  absence may qualify for FMLA protection."); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th
3  Cir. 2003) ("[i]t is the employer's responsibility to determine when FMLA leave is appropriate, to
4  inquire as to specific facts to make that determination, and to inform the employee of his or her
5  entitlements.").

6  Dela Cruz now moves for reconsideration of the judgment. [Docket Nos. 170, 171 (dela
7  Cruz. Decl. Sept. 12, 2022), 172 (Dolido Decl. Sept. 12, 2022).]

## II. DISCUSSION

Dela Cruz does not identify authority for his motion. However, a "'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e)" if it is filed within the deadline set forth in the rule, *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001), which is "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, dela Cruz filed his motion for reconsideration less than ten days after entry of judgment. Accordingly, the court will construe it as a Rule 59(e) motion to alter or amend the judgment.

A motion to reconsider or amend a previous order under Rule 59(e) is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "[T]he district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). On a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *accord Kona*, 229 F.3d at 890. ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Dela Cruz does not identify any intervening change in controlling law or clear error.

Instead, he contends that the court was "misled" by Ghoman and Moore's testimony that they did not receive the first 3971 form or the Work Status Report. Mot. 1. Dela Cruz then proceeds to explain why the court should not have credited Ghoman and Moore's testimony. *Id*. at 1-2. Dela Cruz first contends that the USPS must have received his documents because he was paid for the time off. According to dela Cruz, in order to be paid for sick leave, USPS employees are required to submit medical documentation, and in a declaration, he describes a January 2016 incident where he was not paid for three hours of sick leave because he did not submit a 3971 form for the time. *Id*. at 2; dela Cruz Decl. ¶¶ 1-4. According to dela Cruz, this information contradicts Ghoman's testimony that "an employee could get paid for leave without submitting a 3971 form though a phone request or by talking to a supervisor and that that would not be a rare occurrence." *See* Tr. 338. However, dela Cruz does not contend that the January 2016 incident is "newly discovered evidence." In fact, the court expressly considered dela Cruz's argument that the USPS "must have received documentation" supporting his August 10-14, 2016 leave because he was "paid on time and without delay for his absences" during that period. The court concluded that Ghoman's testimony that an employee could be paid for sick leave without submitting a 3971 form and that such an event not unusual was unrebutted, meaning that dela Cruz had not submitted evidence to the contrary. *See* Tr. 338. Dela Cruz does not explain why he could not have presented this evidence at trial to rebut Ghoman's testimony. Accordingly, this is not a basis for reconsideration.

Dela Cruz next asserts that his 3971 form and Work Status Report may have been shredded and discarded at some point in 2017 which he claims would explain why Moore and Ghoman testified that they "were nowhere to be found." Mot. 2. Dela Cruz relies on a declaration by Dolido stating that Ghoman "left the Petaluma Post Office for more or less one year after January 2017" and that a custodian told Dolido that "prior to Ghoman's leave [the custodian] was ordered to shred volumes of documents which he also threw in the garbage of [the] Petaluma Post Office." Dolido Decl. ¶¶ 4-6. Dela Cruz states that "[i]t is suspected by Dan Dolido" that dela Cruz's 3971 form and Work Status Report "might be included in those shredded documents." Mot. 2. Dela Cruz describes the custodian's statements as "new evidence." *Id*. At the trial, the court expressly considered the question of whether the USPS properly preserved dela Cruz's documents. It found

5

that dela Cruz had not presented any evidence that the USPS spoliated or destroyed evidence or that its policies regarding the retention of records were inadequate. *See* Tr. 337. Here, dela Cruz does not explain when he learned about the custodian's statements about document shredding or otherwise explain why he could not have presented this evidence at trial. Additionally, this evidence is entirely speculative. There is no evidence that dela Cruz's 3971 form and Work Status Report were included in any documents that were shredded, only Dolido's suspicion. *See* Mot. 2. The court concludes that the alleged shredding of documents at some point after January 2017 is not a basis for reconsideration.

Finally, dela Cruz contends that "Ghoman misled the court when he said in his court testimony that there was no automatic deletion" of dela Cruz's employment records. Mot. 2 (citing Tr. 199). Dela Cruz describes a 2002 incident when a supervisor "corrected the time clock" for a coworker, Rick Devera, that he claims demonstrates that "the management can definitely do automatic deletion if they want to." Mot. 2. However, Dela Cruz does not explain the connection between a time clock correction and whether his employment records were subject to automatic deletion from the USPS's records system. This is not a basis for reconsideration.

In sum, dela Cruz does not identify any newly discovered evidence that would justify reconsideration of the court's conclusion that dela Cruz failed to establish by a preponderance of the evidence that USPS received the first 3971 form or the Work Status Report and thus was on notice to inquire as to whether the August 10-14, 2016 leave was protected by FMLA. Nor does he identify an intervening change in controlling law or show that the court committed clear error. Accordingly, the motion for reconsideration is denied.

## III.  CONCLUSION

For the foregoing reasons, dela Cruz's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: March 20, 2023



_____
Donna M. Ryu
Chief Magistrate Judge