UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO N DELA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN BRENNAN, et al.,<br><br>Defendants. | Case No. 19-cv-01140-DMR<br><br>**ORDER RE: MOTIONS TO PROCEED IFP ON APPEAL AND FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**<br><br>Re: Dkt. Nos. 185, 189 |

In August 2022, following a two-day bench trial, the court found in favor of Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), on Plaintiff Fernando N. dela Cruz's claim for Family Medical Leave Act ("FMLA") interference. After announcing its findings of fact and conclusions of law on the record, the court entered judgment for Defendant. [*See* Docket Nos. 163, 164.] Dela Cruz, now representing himself, filed an appeal of the court's judgment with the Ninth Circuit Court of Appeals.

Dela Cruz now moves for leave to proceed *in forma pauperis* ("IFP") on appeal. [Docket No. 185.] He also filed an administrative motion requesting that transcripts of the August 2022 bench trial be prepared at the government's expense. [Docket No. 189.] Defendant did not file an opposition to the motion requesting transcripts.

Dela Cruz did not have to file the motion for leave to proceed IFP on appeal. He previously filed a motion for leave to proceed IFP in this action, which the court granted in March 2019. [Docket No. 4.] "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken

in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "'Not taken in good faith' means 'frivolous.'" *Missud v. Nevada*, No. C-11-3567 EMC, 2012 WL 13149070, at *1 (N.D. Cal. Apr. 3, 2012) (quoting *Gray v. Hamilton*, No. C 10-4614 RS PR, 2010 WL 4281812, at *2 (N.D. Cal. Oct. 25, 2010) (quoting *Ellis v. United* States, 356 U.S. 674, 674-75 (1958))); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). "An appeal is frivolous if it lacks any arguable basis in law or fact." *Fabricant v. United States Ct. of Appeals for Ninth Cir.*, No. 18-CV-01965 LHK (PR), 2018 WL 10811485, at *2 (N.D. Cal. Sept. 24, 2018) (citations omitted).

The court does not certify that dela Cruz's appeal is frivolous or not taken in good faith. Accordingly, he may continue to proceed IFP on appeal and his IFP motion is denied as moot.

As to the administrative motion for transcripts, the court may grant a motion for transcripts at government expense only if "the trial judge or circuit judge certifies that the appeal is not frivolous" and the appeal presents a "substantial question." 28 U.S.C. § 735(f); *Henderson v. United* States, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is 'reasonably debatable.'" *Johnson v. United States*, No. C 10-00647 LB, 2012 WL 2709543, at *1 (N.D. Cal. July 6, 2012) (quoting *Washburn v. Fagan,* No. C03–00869 MJJ, 2007 WL 2043854, *2 (N.D. Cal. July 12, 2007)). "If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant." *Id.* Dela Cruz's appeal raises questions about the evidence presented during the bench trial, including the sufficiency of the evidence showing that he gave Defendant notice of his intention to take FMLA-protected leave and whether Defendant had a duty to make inquiries about whether his leave was protected by FMLA. [*See* Docket Nos. 179 (Mar. 20, 2023 Order Denying Motion for Reconsideration) 2-3; 184 (Notice of Appeal of Mar. 20, 2023 Order).] The court concludes that the appeal presents a "reasonably debatable" issue. Accordingly, the motion for transcripts of the August 2022 bench trial at government expense is granted. The Clerk's Office shall provide transcripts of the proceedings on August 22-24, 2022 to dela Cruz at the

1  government's expense.

2

3  **IT IS SO ORDERED.**

4  Dated: June 20, 2023



Donna M. Ryu
Chief Magistrate Judge